IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| FRANK HARMON BLACK; SOUTHEAST INVESTMENTS, N.C., INC.,<br><br>Petitioners,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>Respondent,<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>Intervenor. | No. 25-1718 |

**UNOPPOSED MOTION OF PETITIONERS AND RESPONDENT TO HOLD CASE IN ABEYANCE**

Petitioners Frank Harmon Black and Southeast Investments, N.C., Inc., petition for review from an order of the Securities and Exchange Commission entered on December 7, 2023, which affirmed in part and reversed in part disciplinary sanctions imposed by the Financial Industry Regulatory Authority (FINRA), a private self-regulatory organization in the securities industry. *See* Pet. The parties have conferred, and petitioners

and respondent jointly move for this case to be held in abeyance pending a Commission decision on a pending motion petitioners have filed with the Commission asking the Commission to reconsider its January 30, 2026, and December 7, 2023, orders concerning the FINRA disciplinary sanctions at issue in this case. FINRA does not oppose this request.

1. This case concerns a disciplinary proceeding brought by FINRA against petitioners Southeast Investments, N.C., Inc. (a FINRA member), and Frank Harmon Black, the firm's President, Chief Executive Officer, and Chief Compliance Officer. *See* Pet. Exhibit B, Doc. 3-3 at 6. In an order entered on December 7, 2023, the Commission affirmed in part and reversed in part the disciplinary sanctions imposed by FINRA. In a prior decision, this Court held that that Commission order was non-final in light of the Commission's remand of a portion of the sanctions. *See Black v. SEC*, 125 F.4th 541 (4th Cir. 2025).

2. Following this Court's decision, FINRA dismissed the disciplinary charges against petitioners that had been remanded to it. *See* Pet. Exhibit B., Doc. 3-3.

3. On June 25, 2025, petitioners again petitioned for review of the December 7, 2023 order. Petitioners also filed a motion for a "jurisdictional

determination," asking that this Court conclude prior to merits briefing that it has jurisdiction over the petition. The Commission and FINRA opposed that motion. On July 22, 2025, this Court entered an order deferring consideration of the motion for jurisdictional determination pending review of the appeal on the merits.

4. Following the filing of the petition for review in this case, petitioners filed a motion with the Commission asking for several forms of relief relating to the FINRA disciplinary charges at issue in this case. *See* Respondents' Motion to Dismiss, *In the Matter of the Application of Southeast Investments, N.C., Inc., and Frank Harmon Black*, SEC 3-19185 (received July 2, 2025).[1] Petitioners asked, for example, that the Commission "dismiss with prejudice all claims brought by FINRA" in this proceeding and "reconsider its" December 2023 decision regarding the supervisory and record retention violations. *Id.*

5. Because the Commission's resolution of that motion could affect petitioners' arguments with respect to the instant petition for review, petitioners and respondent jointly moved to hold this case in abeyance on

[1] https://www.sec.gov/files/litigation/apdocuments/3-19185-2025-07-01-respondents-motion-dismiss.pdf.

July 29, 2025. This Court granted that motion on August 1, 2025, and directed the parties to file a status report every thirty days and to immediately notify the Court upon issuance of a decision by the Commission.

6. On January 30, 2026, the Commission issued an order denying petitioners' motion and reissuing the December 7, 2023, order "with respect to the sustained claims to enable judicial review of the Commission's deteriminations regarding those claims in the 2023 Order." Attachment to Jan. 30, 2026 Status Report, Doc. 43-2 at 2.

7. The parties notified this Court of the Commission's decision on the same day and the Court ordered the Commission to file the administrative record, currently due on March 6, 2026.

8. On February 9, 2026, petitioners filed a motion before the Commission requesting that the Commission reconsider its January 30, 2026, and December 7, 2023, orders. *See* Respondents' Motion for Reconsideration, *In the Matter of the Application of Southeast Investments, N.C., Inc., and Frank Harmon Black*, SEC 3-19185 (received February 9, 2026).[2]

[2] https://www.sec.gov/files/litigation/apdocuments/3-19185-2026-02-09-motion.pdf.

9. The Commission's resolution of petitioners' pending motion for reconsideration may affect petitioners' arguments with respect to the instant petition for review. Thus, in order to conserve the parties' and the Court's resources, the petitioners and respondent respectfully ask that this case—including the deadline to file the administrative record, and the briefing deadlines—be held in abeyance pending a Commission decision on petitioners' pending motion for reconsideration before the Commission. FINRA does not oppose this request.

Petitioners and respondent will file periodic status reports as directed and will inform this Court promptly of a Commission decision once it is issued.

## CONCLUSION

For the foregoing reasons, this Court should hold this case in abeyance pending a Commission decision on petitioners' pending motion for reconsideration before the Commission.

Respectfully submitted,

*/s/ Aditya Dynar*
ADITYA DYNAR
D.C. Bar No. 1686163
Pacific Legal Foundation
3100 Clarendon Blvd., Ste. 1000
Arlington, VA 22201

CAMERON HALLING
Cal. Bar. No. 306778
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, CA 95814

*Counsel for Petitioners*

CAROLINE W. TAN
*Attorney, Appellate Staff,*
*Civil Division,*
*U.S. Department of Justice*
*950 Pennsylvania Ave. NW*
*Washington, DC 20530*

DANIEL STAROSELSKY
*Assistant General Counsel*
*/s/ Rachel M. McKenzie*
RACHEL M. MCKENZIE
*Senior Appellate Counsel*
*Office of the General Counsel*
*U.S. Securities & Exchange*
*Comm'n*
*100 F Street, NE*
*Washington, DC 20549*

*Counsel for U.S. Securities &*
*Exchange Commission*

FEBRUARY 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 742 words, according to the count of Microsoft Word.

/s/ *Rachel M. McKenzie*
RACHEL M. McKENZIE

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed the foregoing with the U.S. Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Rachel M. McKenzie*
RACHEL M. McKENZIE